WITHDRAWN 8/18/04
REINSTATED BY CCA
ON 2/2/05




                                                  IN THE
                                 TENTH COURT OF APPEALS
                                                                    

                                         No. 10-03-00007-CR

JOSEPH DANIEL PARSONS,
Appellant
v.

THE STATE OF TEXAS,
Appellee
                                                                         

                                   From the 82nd District Court
                                          Falls County, Texas
                                          Trial Court # 7706
                                                                                                                 
                                   MEMORANDUM OPINION
                                                                                                                 
Appellant shot Calvin Penny. A jury rejected his self-defense claim, found him guilty,
and assessed seven years in prison, to which the court sentenced him. The sole claim on
appeal is errors in the jury charge, i.e., an incorrect definition of Adeadly force@ and the failure
to define Aserious bodily injury.@ Finding error in the charge but not egregious harm, we will
affirm the judgment.
                                      INCORRECT DEFINITION
When reviewing charge errors, an appellate court must undertake a two-step review: first,
the court must determine whether error actually exists in the charge, and second, the court
must determine whether sufficient harm resulted from the error to require reversal. Abdnor v.
State, 871 S.W.2d 726, 731-32 (Tex. Crim. App. 1994); Almanza v. State, 686 S.W.2d 157,
171 (Tex. Crim. App. 1985) (on rehearing). Appellant concedes that he did not object to the
charge at trial. Thus, even if we find error, we should not reverse in the absence of
Aegregious harm@ to the defendant. Almanza, 686 S.W.2d at 171.
The charge instructed the jury that the term Adeadly force@ means Aa belief that would be
held by an ordinary and prudent person in the same circumstances as defendant.@ The State
concedes that the definition is not correct. We agree that the charge contains the error and
proceed to a determination of whether Appellant suffered Aegregious harm.@
In evaluating whether charge error caused some harm or egregious harm to the accused,
the appellate court considers (1) the entire jury charge, (2) the evidence produced at trial, the
contested issues and the weight of the probative evidence, (3) the attorneys= arguments, and (4)
any other relevant information revealed by the record of the trial as a whole. Ovalle v. State,
13 S.W.3d 774, 786 (Tex. Crim. App. 2000) (quoting Almanza, 686 S.W.2d at 171).
As the State points out, other provisions in the charge provided proper instructions on the
law of self-defense. The testimony at trial by the State=s witnesses that Penny was unarmed
and standing still stood in stark contrast to Appellant=s testimony that Penny had a gun and was
coming at him fast. Counsel argued from the differing standpoints presented by the conflict in
testimony. The jury=s decision turned on credibility and in our view was not influenced by the
mistake in the charge. We do not find egregious harm.
                                                FAILURE TO DEFINE
Appellant=s remaining complaint is that the court failed to define Aserious bodily injury.@ 
This complaint fails because Almanza does not govern unobjected-to omissions from the
chargeConly Aerrors@ actually in the charge. Posey v. State, 966 S.W.2d 57, 61 (Tex. Crim.
App. 1998). Failure to object to an omission in the charge results in waiver of the complaint. 
Id.
                                                      CONCLUSION
Appellant=s complaints about the jury charge are overruled. We affirm the judgment.
 


BILL VANCE
Justice

Before Chief Justice Gray,
Justice Vance, and
Justice Reyna
Affirmed
Opinion delivered and filed June 23, 2004
Do not publish
[CR25]